# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES WILLIAM CARTER,

    Plaintiff                             Case No. 1:05-cv-026

    vs

JOHN W. RUDDUCK, et al.,          **REPORT AND RECOMMENDATION**
                                                   Watson, J.
    Defendants                     Hogan, M.J.

       Plaintiff, an inmate at the Ross Correctional Institution, filed this action pro se under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. He brings this action against John W. Rudduck, "acting as judge of Clinton County Common Pleas Court" (Doc. 1 at 2) and Joann M. Chamberlin, Clerk of the Clinton County Court of Common Pleas. This matter is before the Court on defendant Rudduck's motion to dismiss (Doc. 5), plaintiff's memorandum in opposition (Doc. 7), and defendant's reply memorandum. (Doc. 8).

       In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Although pro se complaints are to be liberally construed and held to less stringent standards as

compared with formal pleadings drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), the Court is not required to conjure up allegations which are not plead. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985) (citations omitted) (emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor*, 856 F.2d at 43, quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977).

Plaintiff's complaint alleges the following facts. In February 2002, he was convicted in the Clinton County Court of Common Pleas and sentenced to twenty years of incarceration. Defendant Rudduck presided over plaintiff's criminal case. Plaintiff alleges that defendant Rudduck failed to file his Oath of Office in accordance with Ohio Rev. Code § 2701.06 and therefore his Oath of Office became null and void. Section 2701.06 provides, in relevant part:

2

> Each commission issued by the governor to a judge of the court of appeals or a judge of the court of common pleas shall be transmitted by the secretary of state to the clerk of the court of common pleas of the county in which such judge resides. Such clerk shall receive the commission and forthwith transmit it to the person entitled thereto. Within twenty days after he has received such commission, such person shall take the oath required by Section 7 of Article XV, Ohio Constitution and sections 3.22 and 3.23 of the Revised Code, and transmit a certificate thereof to such clerk, signed by the officer administering such oath.
>
> If such certificate is not transmitted to the clerk within twenty days, the person entitled to receive such commission is deemed to have refused to accept the office, and such office shall be considered vacant. The clerk shall forthwith certify the fact to the governor who shall fill the vacancy.

Ohio Rev. Code § 2701.06. Attached to plaintiff's complaint is a response from the Clinton County Clerk's Office to plaintiff's request for a certified copy of Judge John W. Rudduck's Oath of Office which states:

> Enclosed you will find a certified copy of Judge Rudduck's Oath of Office. It is dated 12/29/00 for his term of office which began 1/1/01.
> We are sorry for the delay but the Oath is not filed in the Clerk's Office. We record the dates of the term of office but the judge had the oath at his home and just brought it in today.

(Doc. 1, Exh. A). A certified copy of defendant Rudduck's Oath of Office is also attached to plaintiff's complaint. (Doc. 1, Exh. B). Plaintiff claims his due process rights were violated when "he was sentenced by a man who was not a judge." (Doc. 1 at 5). Plaintiff also alleges that defendant Rudduck presided over a subsequent civil action in which judgment was entered against plaintiff in the amount of $211,229.73. Plaintiff claims that defendant Rudduck was without jurisdiction to preside over this matter and, as a result, plaintiff's due process rights were violated. Plaintiff further alleges that defendant Chamberlin failed to notify the governor in accordance with Ohio law that defendant Rudduck failed to file his

3

Oath of Office and that the office of common pleas court judge was vacant. He alleges that through "negligence or conspiracy" defendants violated his rights. Plaintiff Carter seeks a declaratory judgment and damages.

Defendant's motion to dismiss is well-taken and should be granted. As an initial matter, plaintiff's claim that his sentence and conviction are invalid because defendant Rudduck was without jurisdiction over the criminal proceeding is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, plaintiff contends that his conviction and sentence are illegal because defendant Rudduck failed to file his Oath of Office in accordance with Ohio law and therefore was not a judge with jurisdiction over his criminal proceeding. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. Plaintiff has not demonstrated that his conviction has been invalidated by a federal or state court or other appropriate tribunal. Accordingly, he may not

4

proceed with a § 1983 action for money damages or for declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to claims for declaratory relief).

To the extent plaintiff claims he was deprived of property without due process in the civil proceeding over which defendant Rudduck presided, this Court is without subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[T]he *Rooker-Feldman* doctrine . . ., a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995), *cert. dismissed*, 116 S.Ct. 492 (1995). The *Rooker-Feldman* doctrine is derived from 28 U.S.C. § 1257 and the understanding that "a United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme] Court." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine precludes lower federal courts from exercising jurisdiction over claims that were actually litigated in state court or are "inextricably intertwined" with a state court adjudication. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004). When the Court is asked to "engage in appellate review of state court proceedings" the *Rooker-Feldman* doctrine necessarily applies. *Id.*, quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). In deciding whether a plaintiff is seeking appellate review, the Court must examine the relief sought, or ask the question "whether the

5

plaintiff alleges 'that the state court's judgment actively caused him injury [rather than] that the judgment merely failed to redress a preexisting injury.'" *DLX*, 381 F.3d at 516, quoting *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 461, n. 1 (6th Cir. 2003). In other words, the Court must determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003), citations omitted. "A defendant who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review" and must be dismissed for lack of jurisdiction under *Rooker-Feldman*. *Id*.

In the instant case, plaintiff's complaint seeks collateral review of the state court's judgment in the civil action. As relief, plaintiff seeks a declaration that defendant Rudduck was without jurisdiction to rule in his civil action. More importantly, plaintiff seeks "property loss due to [the] civil action" in the amount of $211,229.73, the amount of the state court civil judgment against him. His challenge to defendant Rudduck's authority to preside as a judge in his civil case, if successful, would in effect invalidate the civil monetary judgment against him. Thus, plaintiff's injury results from the state court judgment itself, *Hutcherson*, 326 F.3d at 755, and is therefore barred by the *Rooker-Feldman* doctrine.

In addition, plaintiff's conspiracy claim should be dismissed. Complaints against government officials claiming the existence of a conspiracy to violate § 1983 must be supported by specific factual allegations in order to prevent frivolous claims from reaching the

6

discovery stage or trial. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff's conclusory allegations of conspiracy in this matter fail to state a claim for relief and should be dismissed.

Finally, plaintiff's complaint fails to state a claim for relief under Ohio law in any event. The statutory procedures for filing the commission appointing a judge under Ohio Rev. Code § 2701.06 are merely directory and any failure to comply with the statute's time requirements do not invalidate criminal proceedings over which judge has presided. *Spears v. DeWeese*, 102 Ohio St.3d 202, 203, 808 N.E.2d 389, 390 (2004), citing *Potts v. DeWeese*, 2002 W.L. 106320 (Richland App. Jan. 23, 2002), *appeal not accepted*, 95 Ohio St.3d 1438, 766 N.E.2d 1003 (2002); *cf. State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 772 N.E.2d 1192, ¶ 13 (2002), quoting *State ex rel. Jones v. Farrar*, 146 Ohio St. 467, 66 N.E.2d 531 (1946), paragraph three of the syllabus ("'As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.'"). Thus, any noncompliance by defendant Rudduck with Ohio Rev. Code § 2701.06 did not invalidate plaintiff's criminal or civil proceedings.

For these reasons, defendant Rudduck's motion to dismiss should be granted.

Pursuant to 28 U.S.C. § 1915A, the Court also recommends that plaintiff's complaint be sua sponte dismissed against defendant Chamberlin. Section 1915A requires district courts to screen, "as soon as is practicable after docketing," prisoner complaints against governmental officials to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

7

granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b). For the reasons stated above, the complaint against defendant Chamberlin likewise fails to state a claim for relief and should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Rudduck's motion to dismiss be granted.

2. Plaintiff's complaint against defendant Chamberlin be sua sponte dismissed for failure to state a claim upon which relief can be granted.

Date: 3/3/05

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLES WILLIAM CARTER,

    Plaintiff

    vs

JOHN W. RUDDUCK, et al.,

Case No. 1:05-cv-026

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Charles William Carter<br>#419-712<br>Ross Corr Inst.<br>PO Box 7010<br>Chillicothe, OH 45601-7010 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 1428 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:05cv26 doc.#9