IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles William Carter,

    Plaintiff,

v.

John W. Rudduck, et al..

    Defendants

Case No. 1:05cv26

District Judge Michael H. Watson

## OPINION AND ORDER

Before the Court are the following:

1. The March 4, 2005 Report and Recommendation (hereinafter "Report") issued by Magistrate Judge Hogan (Doc. 9). Plaintiff Charles William Carter (hereinafter "Plaintiff") filed Objection to the Report and Recommendation on March 18, 2004 (Doc. 14).

2. The March 8, 2005 Motion of Plaintiff to Abolish (Doc. 10). Plaintiff seeks an order from the Court striking the March 28, 2005 Response of Defendant John W. Rudduck (hereinafter "Defendant Rudduck") in Support (Doc. 8). Upon consideration, the Court concludes Plaintiff's motion is without merit. Accordingly, the March 8, 2005 Motion of Plaintiff to Abolish (Doc. 10) is hereby **DENIED.**

3. The March 8, 2005 Motion of Plaintiff for Leave to File Reply Memoranda in Opposition (Doc. 11). This motion is unopposed. Plaintiff seeks leave of Court to file a reply memorandum to the March 28, 2005 Response of Defendant Rudduck in Support

(Doc. 8). Upon cosideration, the Court concludes a surreply is unwarranted. Accordingly, the March 8, 2005 Motion of Defendant for Leave to File Reply Memoranda in Opposition (Doc. 11) is hereby **DENIED**.

## OBJECTIONS

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Magistrate Judge Hogan's Report makes the following recommendations:

1. Grant the February 14, 2005 Motion of Defendant Rudduck to Dismiss (Doc. 5).
2. Dismiss *sua sponte* Plaintiff's Complaint against Defendant Joann M. Chamberlin (hereinafter "Defendant Chamberlin") for failure to state a claim upon which relief can be granted.

Plaintiff, acting *pro se*, filed objections to the Report. The Court, having reviewed and considered Plaintiff's objections and applying the *de novo* standard of review

required by Fed. R. Civ. P. 72(b), concludes Plaintiff's objections fail to establish any legal basis for rejecting any portion of Magistrate Judge Hogan's Report.

Accordingly, the March 18, 2005 Objection of Plaintiff to Report and Recommendation (Doc. 14) is hereby **DENIED** and the March 4, 2005 Report and Recommendation issued by Magistrate Judge Hogan (Doc. 9) is hereby **ADOPTED** in its entirety. The February 14, 2005 Motion of Defendant Rudduck (Doc. 5) is hereby **GRANTED** and Defendant Chamberlin is hereby **DISMISSED** sua sponte from this action.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**